**IN THE COURT OF APPEALS OF IOWA**

No. 17-1676
Filed January 24, 2018

**IN THE INTEREST OF W.J.M.,**
**Minor Child,**

**P.J., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

　　A father appeals the order terminating his parental rights to his child. **AFFIRMED.**

　　Amy L. Evenson of Larson & Evenson, Iowa City, for appellant father.

　　Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

　　Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor child.

　　Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A father appeals the order terminating his parental rights to his child under Iowa Code section 232.116(1)(g), (h), and (o) (2017). The father does not challenge the evidence establishing the statutory grounds for termination. He instead contends that termination of his parental rights is not in the child's best interest. We review his claim de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The father's sole allegation on appeal is that termination is not in the child's best interest because a relative "is willing to assume legal custody of the child under Iowa Code section 232.116(3)(a)." Section 232.116(3)(a) states that the court "need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child." However, because the child is not in the legal custody of a relative, section 232.116(3)(a) does not apply. *See id.* at 113 (finding section 232.116(3)(a) inapplicable because the child was not in the legal custody of a relative at the time of termination). We instead consider the father's claim under the best-interest provision of section 232.116(2), which requires that the court "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child" in determining whether to terminate parental rights. *See In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (stating the court "should base its best-interest determination on the legislative requirements contained in section 232.116(2)").

In considering a child's best interest, we note that the need for a permanent home is of primary importance. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006)

(Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987).

The district court found the child's "needs for permanency, security, safety, and their imminent and long-term physical, mental, and emotional health cannot be met by [the father]; therefore, the needs of the child for safety, stability, and permanency compel termination of parental rights so that [the child] can be freed for adoption." The record establishes as much. The child has never met the father, who is a convicted sex offender and serving a prison sentence for violating his special sentence. The father's discharge date is in April 2021. Although the father hopes to have a relationship with the child, he cannot visit the child until he completes sex-offender treatment. Under these facts, delaying permanency any further is contrary to the child's best interest.

Because termination of the father's parental rights serves the child's best interest, we affirm.

**AFFIRMED.**